United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN J. KOHUTE,

Plaintiff,

v.

U. S. WHITE HOUSE,

Defendant.

Case No. 25-cv-10824-PCP

**ORDER OF DISMISSAL; ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**

Re: Dkt. No. 4

Kevin Kohute, an inmate at the Smith County Jail in Tyler, Texas, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Dkt. No. 1. Mr. Kohute subsequently filed an amended complaint. Dkt. No. 10.

Mr. Kohute's amended complaint is now before the Court for review under 28 U.S.C. § 1915A. The amended complaint is dismissed without leave to amend because it does not state a claim for relief.

## I. BACKGROUND

Mr. Kohute writes "Greyhound bus lawsuit for Washington D.C. tour bus," Am. Compl. at 1, and subsequently lists a number of locations both in Washington D.C. and abroad, *id*. at 2, 4, 6–9. He states that "[t]he horse riders that show Abraham Lincoln has left some clues behind Oprah house to PNC bank muskets native Indian trials the rail co. [illegible] Co telegram to Westinghouse Richmond Virginia about Charlottesville bank robbery to Gettysburg ambush site Civil War of the Confederacy when the muskettes crossing." *Id*. at 9. He subsequently asks for assistance filing a habeas petition. *See id*. at 10.

## II. Legal Standard

Federal courts must screen any case in which a prisoner seeks redress from a governmental

United States District Court
Northern District of California

entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. Analysis of Claims

Mr. Kohute does not state any claim for relief. *See generally* Am. Compl. His Amended Complaint does not identify any injury that he has suffered, much less identify a responsible party. *See generally id*.

Although district courts generally afford prisoner litigants the opportunity to amend their complaint, a district court may deny leave to amend if it finds any of: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; [or] (5) [the] plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, Mr. Kohute did not state a cognizable claim for relief in his Amended Complaint and does not even make any statement that would give rise to a federal claim in this District. The Court concludes that further leave to amend would be futile and should not be granted. *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave to amend need not be given where amendment would be futile).[1]

To the extent Mr. Kohute seeks assistance filing a habeas claim, it appears that he is a civil detainee in Texas. *See* Am. Compl. at 12 (alleging Mr. Kohute was "sen[t] … illegally to [a] mental hospital" and referring to the "Texas Innocence Project"). Assistance therefore should be sought from the United States District Court for the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(1) (showing that Smith County falls within the Eastern District of Texas).

## IV. IFP Application

Mr. Kohute's motion to proceed in forma pauperis is incomplete, as he neither attached a

---

[1] For Mr. Kohute's benefit, the Court notes that this dismissal means he cannot proceed on these claims and facts. If Mr. Kohute re-files the same claims in a new action, on the same facts, that action also will be dismissed for failure to state a claim. Every dismissal for failure to state a claim is a "strike" under the Prison Litigation Reform Act.

United States District Court
Northern District of California

certified trust statement nor signed the document that would allow this Court to obtain a certified trust statement. Dkt. No. 4. The incomplete motion thus is DENIED.

**V. Conclusion**

This action is dismissed for failure to pay the filing fee or complete an IFP application, and for failure to state a claim upon which relief may be granted. Because amendment would be futile, dismissal is without leave to amend.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 17, 2026

P. Casey Pitts
United States District Judge